THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LEE JAMES CLINE, <br><br> Defendant. | CASE NO. CR19-0023-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion to dismiss the indictment (Dkt. No. 40). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

Defendant has been indicted on one count of domestic assault by a habitual offender in violation 18 U.S.C. § 117(a). (Dkt. No. 13 at 1.) The indictment against Defendant alleges that he has "been convicted of at least two assaults against a spouse or intimate partner" and that Defendant "did assault Jane Doe, a person with whom he shares a child in common and who is or was similarly situated to a spouse." (*Id.* at 1–2.) The indictment cites three of Defendant's prior convictions as qualifying predicate offenses under § 117(a). (*See id.*) Defendant now moves to dismiss the indictment against him, arguing that the Government has failed to state an offense

because his prior convictions are categorically overbroad and thus do not satisfy the elements of his charged offense. (Dkt. No. 40.)[1]

## II. DISCUSSION

### A. Legal Standard

"Federal Rule of Criminal Procedure 12(b) allows a defendant to file a pretrial motion to dismiss an indictment for failure to state an offense if the motion 'can be determined without a trial on the merits.'" *United States v. Kelly*, 874 F.3d 1037, 1046 (9th Cir. 2017) (quoting Fed. R. Crim. P. 12(b)(3)(B)(v)). "A motion to dismiss is generally capable of determination before trial if it involves questions of law rather than fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (quotations omitted). "In determining whether an indictment charges a cognizable offense, [the court is] bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *Kelly*, 874 F.3d at 1046 (citing *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

### B. 18 U.S.C. § 117(a)(1)

Under 18 U.S.C. § 117(a)(1):

> Any person who commits a domestic assault within . . . Indian country and who has a final conviction on at least two separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction . . . any assault, sexual abuse, or serious violent felony against a spouse or intimate partner . . . shall be fined . . . , imprisoned for a term of not more than 5 years, or both . . . .

The parties dispute which approach the Court should use to determine whether Defendant's prior convictions may serve as predicate offenses under § 117(a). Defendant argues that "[t]his Court must use the categorical approach . . . because 18 U.S.C. § 117 refers to generic crimes . . . rather

---

[1] Defendant moves for leave to file an overlength motion to dismiss the indictment, (Dkt. No. 41), and the Government moves for leave to file an overlength response to Defendant's motion to dismiss the indictment (Dkt. No. 45). The Court, finding good cause, hereby GRANTS both motions (Dkt. Nos. 41, 45).

than the particular facts or conduct of the alleged priors." (Dkt. No. 40 at 4–5.) The Government asserts a fact-specific approach is required "[b]ecause [Defendant's] prior convictions, and the fact that he committed them against his domestic partner, are actual elements of the offense, [and thus] the government should be permitted to prove them at trial." (Dkt. No. 46 at 4.) The issue of which approach to apply to § 117(a) has not been squarely decided. *See United States v. Flett*, 379 F. Supp. 3d 1152, 1154 (E.D. Wash. 2019) ("Assuming, without deciding, that the categorical approach applies" to § 117(a) predicate offenses); *but see United States v. Morris*, 2019 WL 1110211, slip op. at 2 (D. Neb. 2019) (citing *United States v. Drapeau*, 827 F.3d 773, 776 (8th Cir. 2016)) ("[T]he Eighth Circuit appears to have directed a fact-specific approach [to § 117(a)]. This approach also appears to be consistent with the language of § 117(a) and the statute's objective.").

The categorical approach looks to "the elements of the statute of conviction" and has generally been applied by courts to determine whether a defendant's prior convictions may serve as a basis to enhance his or her sentence. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Taylor v. United States*, 495 U.S. 575, 602 (1990). Recently, the Supreme Court emphasized that a statute's use of the term "convictions" supports the application of the categorical approach. *See Mathis*, 136 S. Ct. at 2252–53 (collecting cases). In contrast, the circumstance-specific approach looks to "the facts and circumstances underlying an offender's conviction" and has been applied to statutes that use words such as "committed" or "in which." *See United States v. Hayes*, 555 U.S. 415, 421 (2009); *Nijhawan v. Holder*, 557 U.S. 29, 34–36 (2009). And a statute may present a "hybrid situation" in which one section of a statute is governed by the categorical approach while another is subject to the circumstance-specific approach. *See United States v. Doss*, 630 F.3d 1181, 1197 (9th Cir. 2011) (analyzing 18 U.S.C. § 3559(e)(1) and concluding that phrase "a prior 'sex offense' conviction" required application of categorical approach and phrase "in which a minor was the victim" called for application of circumstance-specific approach and had to be proven beyond a reasonable doubt by the

Government at trial).

Section 117(a) presents such a "hybrid" situation. An examination of the statute's relevant language yields two distinct elements. The first requires "a final conviction on at least two separate occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction . . . any assault, sexual abuse, or serious violent felony." 18 U.S.C. § 117(a)(1). The statute's use of the term "conviction" in this element indicates that the categorical approach must be applied to determine whether a defendant's prior convictions may serve as predicate offenses under § 117(a)(1). *See Mathis*, 136 S. Ct. at 2252–53. This interpretation is reinforced by § 117(a)(1)'s explicit call to compare the defendant's statutes of conviction for "offenses" with enumerated federal generic offenses.[2]

The second element requires that the defendant's alleged predicate offenses were "against a spouse or intimate partner." *See* 18 U.S.C. § 117(a)(1). Unlike the first element, which refers to federal generic offenses, § 117(a)(1)'s use of the word "against" requires a factual determination as to the nature of the victim or victims of the defendant's alleged predicate offenses. Therefore, a circumstance-specific approach is appropriate. *See Doss*, 630 F.3d at 1196–97 (finding that phrase "in which a minor was the victim" required courts to "look to the specific circumstances of that conviction to determine whether it involved a minor"). This construction of the statute, while based on its plain language, is further bolstered by Congress's intent to address the high incidence rate of domestic violence against Native American women, *see United States v. Bryant*, 136 S. Ct. 1954, 1958–61 (2016); as noted by the Government, construing § 117(a)(1) to require that a defendant's prior statutes of convictions be categorical matches with the few

---

[2] The Government argues that application of the categorical approach to § 117(a)(1) would render the phrase "if subject to federal jurisdiction" superfluous, and thus a circumstance-specific approach is required. (*See* Dkt. No. 46 at 5.) But the phrase is not analogous to statutory language courts have previously held directs application of the circumstance-specific approach, such as "committed." *See Hayes*, 555 U.S. at 421. Rather, the phrase modifies the term "offenses that would be" and thus directs courts to compare defendants' prior statutes of conviction with the federal generic offenses subsequently enumerated in § 117(a)(1).

federal generic offenses containing a relationship element would leave § 117(a)(1) with little meaningful application. *See Nijhawan*, 557 U.S. at 39; (Dkt. No. 46 at 6).

In sum, the relevant language of § 117(a)(1) sets forth two distinct elements subject to two different analytical frameworks: (1) at least two final convictions in federal, state, or tribal court for offenses that are categorical matches to "any assault, sexual abuse, or serious violent felony" as defined by federal law; and (2) a factual determination as to whether the victim of each alleged predicate offense was "a spouse or intimate partner." *See Mathis*, 136 S. Ct. at 2252–53; *Doss*, 630 F.3d at 1197. The first requires the Court to use the categorical approach to determine whether Defendant's prior offenses qualify as predicates under § 117(a)(1). *See Mathis*, 136 S. Ct. at 2252–53. The second calls for a circumstances-specific approach and thus requires the Government to prove beyond a reasonable doubt that the victim of each alleged predicate offense was a "spouse or intimate partner." *See Doss*, 630 F.3d at 1197. Therefore, the Court now turns to the question of whether Defendant's prior convictions cited in the indictment against him qualify as predicate offenses under § 117(a)(1).

**C. Predicate Offenses Under § 117(a)(1)**

   *1. Categorical Approach Legal Standard*

Under the categorical approach, courts "inquire first 'whether the elements of the crime of conviction sufficiently match the elements of [the federal generic offense].'" *United States v. Arriaga-Pinon*, 852 F.3d 1195, 1198–99 (9th Cir. 2017) (quoting *Mathis*, 136 S. Ct. at 2248). "In doing so, [courts] focus solely on whether the elements of the statute of conviction match the elements of the identified qualifying federal offense." *Id.* at 1199 (citing *Taylor*, 495 U.S. at 600–01). If the statute of conviction "criminalizes conduct that would not qualify as a federal predicate offense, then the offense does not categorically qualify as a proper predicate offense." *Id.*

If the statute is overbroad, courts next examine "whether the statute's elements are also an indivisible set." *Id.* at 1199 (citing *Mathis*, 136 S. Ct. at 2248–49). A statute is divisible when

a "single statute . . . list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2248. And "if the statute is divisible, then the modified categorical approach applies and 'a sentencing court looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of.'" *Arriaga-Pinon*, 852 F.3d at 1199 (quoting *Mathis*, 136 S. Ct. at 2249). If the prior conviction resulted from a guilty plea rather than a jury verdict, the court's review is "limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 1200 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)); *see United States v. Tucker*, 641 F.3d 1110, 1124 (9th Cir. 2011) ("When using the modified categorical approach, we look to the factual description in the charging document to determine whether the crime to which a defendant pled guilty constitutes a crime of violence.").

### 2. *Defendant's Prior Nooksack Convictions*

The indictment against Defendant alleges that two of his prior convictions under the Nooksack Code of Laws qualify as predicate offenses under § 117(a)(1). (*See* Dkt. No. 13 at 1–2.) On March 14, 2011, Defendant was charged with one count of battery – domestic violence in violation of Nooksack Criminal Code § 20.02.050 and Nooksack Domestic Violence Code § 20A.01.040(c), (e).[3] (Dkt. No. 40-1 at 1.) The criminal complaint against Defendant alleged that, "Defendant willfully struck another person or otherwise inflicted bodily injury on another person, to wit: the defendant hit/scratched/attempted to choke D.J." (*Id.*) In June 2014, the Nooksack Tribal Court entered judgment against Defendant for "Battery DV." (*Id.* at 4.)

On June 14, 2018, Defendant was charged with two counts of domestic violence – battery

---

[3] Nooksack Domestic Violence Code § 20A.01.040(c), (e) does not appear in the available version of the Nooksack Code of Laws. The currently available Nooksack Code of Laws defines the terms "Crime involving domestic violence," "Domestic violence," and "Family or household member" elsewhere. *See* Nooksack Domestic Violence Code § 20A.01.060(E), (G), (K).

in violation of Nooksack Criminal Code § 20.02.050. (*See* Dkt. No. 40-3 at 1.) The complaint alleged that on June 10, 2018, Defendant "did willfully strike another person, a Family or household member, or otherwise inflict bodily harm to wit: Defendant struck C.T., Defendant's partner, in the head with a glass 'fifth' bottle," and that on June 12, 2019, Defendant, "did willfully strike another person, a Family or household member, or otherwise inflict bodily harm to wit: Defendant struck C.T., Defendant's partner, by pushing C.T. down a flight of stairs causing her injury." (*Id.* at 1–2.) The Nooksack Tribal Court entered judgment against Defendant after he pleaded guilty to the June 10, 2018 offense. (*See id*. at 3–4.)

### 3. Comparator Statute

The parties cite 18 U.S.C. § 113 as a comparator statute to Nooksack Criminal Code § 20.02.050. (*See* Dkt. Nos. 40 at 7; 46 at 2, 14.) Section 113 criminalizes both "[a]ssault by striking, beating, or wounding" and "[s]imple assault." 18 U.S.C. § 113(a)(4), (5). Because § 113 "does not specify a mens rea requirement, nor does it define 'assault,'" the Ninth Circuit has "applied the common law definition of assault to § 113 crimes." *United States v. Lamott*, 831 F.3d 1153, 1156 (9th Cir. 2016).

Under the common law, assault is "(1) 'a willful attempt to inflict injury upon the person of another,' also known as 'an attempt to commit a battery,' or (2) 'a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes reasonable apprehension of immediate bodily harm.'" *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) (quoting *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)). In addition, "[u]nder the common law, 'an assault is an attempted battery and proof of a battery will support conviction of an assault.'" *Id.* (quoting *Dupree*, 544 F.2d at 1052). "The *mens rea* requirement is that the volitional act be willful or intentional; an intent to cause injury is not required." *Id.* (citing *United States v. Skeet*, 665 F.2d 983, 986–87 (9th Cir. 1982)).

### 4. Predicate Offenses Under § 117(a)(1)

Nooksack Criminal Code § 20.02.050 provides, "Battery: Any person who willfully

strikes another person or otherwise inflicts bodily harm, or who by offering violence causes another to harm himself shall be guilty of a Class B offense." The statute thus criminalizes two distinct offenses: "willfully strik[ing] another person or otherwise inflict[ing] bodily harm" and "offering violence [and thereby causing] another to harm himself." The relevant subsections of § 113 do not contain a provision analogous to § 20.02.050's "offering violence" alternative means, as the federal common law definition of assault does not contemplate causing another to inflict harm upon him or herself. *See* 18 U.S.C. § 113(a)(4), (5); *Lewellyn*, 481 F.3d at 697; *Dupree*, 544 F.2d at 1051. Thus, § 20.02.050 criminalizes more conduct than § 113 and is categorically overbroad.

Because § 20.02.050 is categorically overbroad, the Court next examines whether the elements of the statute are divisible. *See Arriaga-Pinon*, 852 F.3d at 1199. The Court finds that they are. By using "or" to separate the "willfully strik[ing]" and "offering violence" prongs, § 20.02.050 "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2248. Therefore, the Court must apply the modified categorical approach "to determine what crime, with what elements," Defendant was convicted of. *Arriaga-Pinon*, 852 F.3d at 1199 (quoting *Mathis*, 136 S. Ct. at 2249). In doing so, the Court looks to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 1200 (quoting *Shepard*, 544 U.S. at 16).

As discussed above, the criminal complaint underlying Defendant's June 2014 conviction for violation of § 20.02.050 alleged that Defendant "Defendant willfully struck another person or otherwise inflicted bodily injury on another person, to wit . . . the defendant hit/scratched/attempted to choke D.J." in violation of § 20.02.050. (Dkt. No. 40-1 at 1.) Similarly, the amended criminal complaint underlying Defendant's July 2018 conviction for violation of § 20.02.050 alleged that Defendant "did willfully strike another person . . . or otherwise inflict bodily harm to wit: Defendant struck C.T. . . . in the head with a glass 'fifth'

bottle" in violation of § 20.02.050. (Dkt. No. 40-3 at 1.) It is evident from the charging documents underlying Defendant's Nooksack convictions that Defendant was convicted under the "willfully strik[ing]" portion of § 20.02.050, not the "offering violence" alternative means. *See* Nooksack Crim. Code § 20.02.050; (Dkt. Nos. 40-1 at 1, 40-3 at 1.)

The "willfully strik[ing]" portion of § 20.02.050 requires that the defendant "strikes another person or otherwise inflicts bodily harm" and that such striking or infliction of bodily harm be willful. *See* Nooksack Crim. Code § 20.02.050. This offense is a categorical match for the "assault by striking, beating, or wounding" and "simple assault" offenses enumerated in § 113, as the federal generic offense of assault includes "a willful attempt to inflict injury upon another" and may be shown upon "proof of a battery." 18 U.S.C. § 113(a)(4), (5); *Lewellyn*, 481 F.3d at 697; *Dupree*, 544 F.2d at 1051–52. Therefore, Defendant's Nooksack convictions for violation of § 20.02.050's "willfully strik[ing]" means may qualify as predicate offenses under § 117(a)(1).[4]

In sum, as a matter of law Defendant's Nooksack convictions cited in the indictment against him may qualify as predicate offenses under § 117(a)(1). (*See* Dkt. No. 13 at 1.) And the Government bears the burden at trial of proving beyond a reasonable doubt that the victims of those crimes were Defendant's spouse or intimate partner at the time the crimes occurred. *See* 18 U.S.C. § 117(a)(1). Therefore, the indictment against Defendant states a cognizable offense and is not subject to dismissal. *See Kelly*, 874 F.3d at 1046.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment (Dkt. No. 40) is DENIED.

//

---

[4] Because the Court concludes that Defendant's two prior Nooksack convictions may qualify as predicate offenses under § 117(a)(1), the Court need not reach the issue of whether Defendant's prior conviction under Wash. Rev. Code §§ 9A.36.031(1)(f) and 10.99.020 qualifies as a predicate offense under § 117(a)(1). (*See* Dkt. Nos. 13 at 1, 40-2 at 1–24.)

DATED this 14th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR19-0023-JCC
PAGE - 10